IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAUPHIN PRECISION TOOL, LLC,** | : | CIVIL ACTION NO. 1:06-CV-2262 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **UNITED STEEL WORKERS OF AMERICA, AFL-CIO, LOCAL UNION 1688-13, DISTRICT #10,** | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 14th day of May, 2008, upon consideration of the memorandum and order of court dated March 26, 2008 (Doc. 44), which deferred entry of judgment and disposition of defendant's request for attorney's fees pending a formal motion for such relief, and upon further consideration of defendant's subsequent motion requesting a fee award (Doc. 45), and it appearing that attorney's fees in a suit to vacate an arbitration award may be granted if the party seeking vacatur acted without justification or had no "reasonable chance to prevail," see Chauffeurs, Teamsters, & Helpers Local Union No. 765 v. Stroehmann Bros., 625 F.2d 1092, 1094 (3d Cir. 1980); see also Teamsters Local No. 764 v. J.H. Merritt & Co., 770 F.2d 40, 43 n.2 (3d Cir. 1985), and it further appearing that plaintiff challenged the arbitration award on the basis that the arbitrator unreasonably interpreted the ambiguous contractual term "absentee hours," (see id. at 11, 14), and the court concluding that plaintiff presented a colorable argument for an alternative interpretation of the contractual ambiguity in a manner that

excluded vacation days from consideration as "absentee hours," (see id. at 44 n.10), and that plaintiff therefore acted in a justifiable manner to advance a claim with a "reasonable chance to prevail," Stroehmann Bros., 625 F.2d at 1094; see also Frolic Footwear v. United Food & Commercial Workers Int'l Union Local 2008, No. J-C-95-241, 1996 WL 885811, at *7 (E.D. Ark. Sept. 18, 1996) (denying award of attorneys fees in a case attempting to vacate arbitration award due to ambiguous contractual language in the contract at issue); Total Warehouse Servs. Corp. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, and Helpers, Local 830, No. 93-CV-9260, 1994 WL 161361, at *1 n.2 (E.D. Pa. May 2, 1994) (refusing to award attorney fees because "there [was] a legitimate argument as to whether the arbitrator properly followed the . . . agreement"),[1] it is hereby ORDERED that:

1. Defendant's motion for attorney's fees (Doc. 45) is DENIED.

2. The Clerk of Court is directed to enter JUDGMENT in favor of defendant and against plaintiff in the above-captioned matter.

3. The Clerk of Court is directed to CLOSE this case.

     S/ Christopher C. Conner
     CHRISTOPHER C. CONNER
     United States District Judge

---

[1] Plaintiff also sought vacatur on the basis that the arbitrator demonstrated bias during the arbitration hearing, and defendant likewise seeks attorney's fees on this ground. However, the colorable nature of plaintiff's contractual ambiguity argument renders the award of attorney's fees inappropriate in this case. It is therefore unnecessary to consider whether a fee award would be appropriate based upon plaintiff's bias argument alone.